UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALDON JOSEPH DUFRENE, JR.                 CIVIL ACTION

VERSUS                                     NO: 18-8186

CASS MARINE GROUP, LLC                     SECTION: "J"(3)

## ORDER AND REASONS

Before the Court is Plaintiff Waldon Joseph Dufrene, Jr.'s ("Plaintiff") *Motion to Strike Jury Demand* **(Rec. Doc. 11)**. This motion was set for hearing on the briefs on November 7, 2018, but no opposition was filed. Considering the motion, the memorandum, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED**.

Plaintiff filed a Complaint against Defendant Cass Marine Group, LLC ("Cass Marine") on August 28, 2018, for injuries Plaintiff allegedly sustained when a vessel owned by Cass Marine sank on June 20, 2018. (Rec. Doc. 1). Plaintiff alleges that he initially demanded a jury trial and erroneously invoked diversity jurisdiction. (Rec. Doc. 11-1 at 1). After learning that the diversity allegation was in error because both Plaintiff and Cass Marine are Louisiana parties, Plaintiff filed a First Supplemental and Amended Complaint the following day, invoking the court's jurisdiction pursuant to the Jones Act and General Maritime law, as well as admiralty Rule 9(h). (Rec Doc. 11-1 at 1, 2). In his First Supplemental and Amended Complaint, Plaintiff specifically designated his claim "as an admiralty claim under Rule 9(h)" and "designate[d] this

matter as a non-jury trial." (Rec. Doc. 4). Plaintiff served Cass Marine with the First Supplemental and Amended Complaint on September 1, 2018. (Rec. Doc. 5). On September 11, 2018, Plaintiff learned that he had named the wrong entity as defendant. (Rec. Doc. 11-1 at 2). Thus, on September 12, 2018, Plaintiff filed his Second Supplemental and Amended Complaint with the sole purpose of correctly identifying the defendant. (Rec. Doc. 7, Rec. Doc. 11-1 at 2). On September 18, 2018, Cass Marine answered the Complaint and First Supplemental and Amended Complaint and demanded a jury trial. (Rec. Doc. 8). Cass Marine also made a jury demand in its Answer to the Second Supplemental and Amended Complaint. (Rec. Doc. 9). In response, Plaintiff filed the instant motion to strike Cass Marine's jury demand, which Cass Marine has failed to timely oppose.

A plaintiff who has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court, assuming the plaintiff meets the requirements for diversity jurisdiction. *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983). The preferred method for electing to proceed in admiralty is by expressly invoking Federal Rule of Civil Procedure 9(h). *Breeden v. Transocean Offshore Ventures, Inc.*, No. 00-2561, 2001 WL 64772 (E.D. La. Jan. 24, 2001). The general rule is that there is no right to a jury trial where the complaint contains such a statement identifying the claim as an admiralty or maritime claim. *T.N.T. Marine Service*, 702

F.2d at 587. Under the Jones Act, only the plaintiff—not his employer—may elect to have a jury trial. *See Texas Menhaden Co. v. Palermo*, 329 F.2d 579 (5th Cir. 1964).

Here, Plaintiff's First Supplemental and Amended Complaint invoked Rule 9(h) and specifically withdrew Plaintiff's previous demand for a jury trial. This was done before Cass Marine was served with the original Complaint and before Cass Marine filed its Answer requesting a jury trial. Moreover, there is no evidence in the record to suggest that diversity jurisdiction exists. Thus, Cass Marine does not have a right to a jury trial in the present case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Strike Jury Demand* is **GRANTED**.

New Orleans, Louisiana, this 5th day of February, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE